

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEROY CHARLES WILSON,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | Civil Action No. 4:12-CV-668-Y |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Leroy Charles Wilson, TDCJ #00431868, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Venus, Texas. Respondent Rick Thaler is the Director of TDCJ.

**C. PROCEDURAL HISTORY**

On April 14, 1986, a jury found petitioner guilty of burglary of a habitation and sentenced him to twenty years' confinement in cause number 5293 in the 355th Judicial District Court of Hood

County, Texas. (Pet. at 2; Resp't Ans, Ex. A, at 1; 04State Habeas R. at 58[1]) Petitioner has been released on parole three times. The first time he was released on September 22, 1988, and his parole was revoked on April 20, 1990, forfeiting "1-year, 6-months, and 5-days of calendar 'street-time.'" The second time he was released on September 7, 1990, and his parole was revoked on December 22, 2000, forfeiting "9-years, 11-months, and 17-days of calendar 'street time.'" Finally, he was released on January 20, 2004, and his parole was revoked on October 26, 2009, forfeiting "5-years, 1-month, and 28-days of calendar 'street time.'" (Resp't Ans., Ex. A, at 1) Petitioner remains incarcerated with a projected February 4, 2014, mandatory supervision release date and a November 15, 2022, maximum expiration date. (*Id.*)

Petitioner has sought administrative and state postconviction review of TDCJ's calculation of his sentence and denial of time spent on parole–*i.e.*, street time. Specifically, petitioner submitted a "Time Dispute Resolution Form" to prison officials on November 21, 2007, January 15, 2010, and August 29, 2011, and TDCJ responded on June 28, 2008, September 30, 2010, and January 20, 2012, respectively, that there was no error in his time calculations. (*Id.*)

Petitioner has also filed four relevant state habeas applications.[2] (01State Habeas R. at 8-9; 02State Habeas R. at 7; 03State Habeas R. at 8; 04State Habeas R. at 8-9) The first three were filed

---

[1] "01State Habeas R." refers to the court record in petitioner's state habeas application no. WR-52,158-01; "02State Habeas R." refers to the court record in petitioner's state habeas application no. WR-52,158-02; "03State Habeas R." refers to the state court record in petitioner's habeas application no. WR-52,158-03; "04State Habeas R." refers to the state court record in petitioner's habeas application no. WR-52,158-04; and "05State Habeas R." refers to the court record in petitioner's state habeas application no. WR-52,158-05.

[2] Petitioner filed a fifth state habeas application on August 31, 2011, however he apparently omitted page 6 of the application, which contained his ground for review. On October 12, 2011, the Texas Court of Criminal Appeals dismissed the application for failure to comply with state form requirements. (05State Habeas R. at 8, cover)

in 2002 and denied or dismissed by the Texas Court of Criminal Appeals in that same year. (01State Habeas R. at 2; 03State Habeas R. at 2) In the fourth, filed on October 4, 2010, the state habeas court determined that petitioner is not eligible to earn street time credit pursuant to § 508.283(c) of the Texas Government Code,[3] "due to not meeting his mid-point calculation date of 5-27-2010" and that he "was not improperly denied credit for flat time." (04State Habeas R. at 8-10; 04State Habeas Supp. R. at 11, 13 ) The Texas Court of Criminal Appeals adopted the trial court's findings and denied the application on May 4, 2011. (04State Habeas R. at 3; 04State Habeas Supp. R. at 13, cover)

This federal petition was filed on September 13, 2012. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing). Respondent claims the petition is time-barred or, in the alternative, petitioner's claims are without merit. (Resp't Ans. at 7-14)

---

[3]Section 508.283(c) provides:

> If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summon, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. PENAL CODE ANN. § 508.283(c) (West 2012).

**D.   ISSUES**

Petitioner raises three grounds for relief, which are construed as follows:

(1)   TDCJ has deprived him of street time, in which he has a protected liberty interest, without due process of law;

(2)   TDCJ has violated his right to due process by calculating his sentence in a manner that exceeds his sentence in an unexpected manner; and

(3)   TDCJ has violated his right not to serve his sentence in installments.

(Pet. at 7)

**E.   STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole-revocation proceedings and the resultant loss or denial of various time credits, subsection (D) governs when the limitations period begins to run, viz., the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Clearly, any claims regarding TDCJ's sentence calculation and denial of street time credit following the April 20, 1990, and December 22, 2000, revocations could have been discovered years ago and are time-barred. Most recently, petitioner could have discovered the basis for his claims through the exercise of due diligence on October 26, 2009, the last time his parole was revoked. Thus, it was necessary for petitioner to raise his time credit claims in a petition filed on or before October 26, 2010, subject to statutory or equitable tolling.

The limitations period was statutorily tolled for 180 days during the pendency of petitioner's first time credit dispute request, filed on January 15, 2010,[4] and for 212 days during the pendency of petitioner's fourth state habeas application, filed on October 4, 2010, and denied on May 4, 2011.[5]

---

[4]The impediment to filing a state habeas application was removed after 180 days elapsed, and petitioner could then file a state habeas application, and petitioner was not required to file a second time credit dispute request before applying for state habeas relief. *Stone v. Thaler*, 614 F.3d at 139; 28 U.S.C. § 2244(d)(2); TEX. GOV'T CODE ANN. § 501.0081(b), (c) (West 2012). Thus, petitioner is not entitled to statutory tolling until he received a written decision to his first time credit dispute request or during the pendency of his second time credit dispute request.

[5]Although the record suggests petitioner's fifth state habeas application challenged his conviction, it is impossible to determine his exact claims. (05State Habeas R. at 16) Nevertheless, the application, dismissed for failure to comply with the state's form requirements, does not operate
(continued...)

28 U.S.C. § 2244(d)(2); *Stone*, 614 F.3d. at 138-39. Therefore, applying statutory tolling, petitioner's petition was due on or before November 23, 2011.

Petitioner has not alleged or demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling. Equitable tolling of the statute of limitations is permitted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560-62 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner does not assert he was actively misled by state authorities or that he was prevented in some extraordinary way from pursuing his rights. Thus, equitable tolling is not warranted in this case.

Petitioner's federal petition was due on or before November 23, 2011. Accordingly, his petition filed on September 13, 2012, is untimely.

## II. RECOMMENDATION

It is therefore recommended that this petition for writ of habeas corpus be dismissed with prejudice as time-barred. All motions not previously ruled should be denied.

---

[5](...continued)
to toll the limitations period under § 2244(d)(2). *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 1, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 1, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 8, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE